UNITED STATES DISTRICT COURT

For the

District of Colorado

Denver Division

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

24 OCT 18 AM 9:49

_____ )
Plaintiff(s)                )
KELLY GREEN and             )
MALUS & DIESEL CORP,        )
A Limited Liability Company of Texas )
                            )
v.                          ) Case No.
                            ) (to be filled in by the Clerk's Office)
_____ )
Defendant(s)                )
U-HAUL CORPORATION and      )
City and County of Denver,, COLORADO, et al. )
                            )
_____ )
                            )
Jury Trial: (check one)  ☒ Yes ☐ No )
                            )

COMPLAINT FOR A CIVIL CASE

Plaintiffs, Kelly Ericson Green acting as agent for Malus & Diesel Corp under the doctrine of pro persona, and Malus & Diesel Corp, A Limited Liability Company of Texas,

hereby bring this Complaint against Defendants, U-Haul Corporation and City and County of Denver, Colorado, et al., and allege as follows:

I. The Parties to This Complaint

A. The Plaintiff(s)

Name: Kelly Ericson Green

Address: 8101 Boat Club Rd #240, Fort Worth TX 76179

Telephone Number: 323 450 7768

E-mail Address (if known): iam@malus.com

Name: Malus & Diesel Corp  A Limited Liability Company.

Address: 8101 Boat Club Rd #240, Fort Worth TX 76279

Telephone Number: 1 844 MALUS-CO (625 8736)

E-mail Address (if known): Admin@malus.host

B. The Defendant(s)

Address Information:

Defendant No. 1

Name: U-Haul Corporation

Job or Title (if known): Corporation

Street Address: 2727 N. Central Ave.

City and County: Phoenix, Maricopa County

State and Zip Code: Arizona, 85004

Telephone Number: 1-888-886-0782

E-mail Address (if known): legal@uhaul.com

Defendant No. 2

Name: City of Denver, Colorado

Job or Title (if known): Municipal Entity

Street Address: 201 W. Colfax, Dept. 1108

City and County: Denver, Denver County

State and Zip Code: Colorado, 80202

Telephone Number: (720) 913-3100

Fax: (720) 913-3190

Defendant No. 3

Name: John Doe 1

Job or Title (if known): U-Haul Employee

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 4

Name: John Doe 2

Job or Title (if known): U-Haul Employee

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 5

Name: John Doe 3

Job or Title (if known): U-Haul Employee

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 6

Name: John Doe 4

Job or Title (if known): Police Officer

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 7

Name: John Doe 5

Job or Title (if known): Police Officer

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 8

Name: Jane Doe 1

Job or Title (if known): City of Denver Prosecutor

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

Defendant No. 9

Name: Jane Doe 2

Job or Title (if known): City of Denver Judge

Street Address: [Address]

City and County: Denver, Denver County

State and Zip Code: Colorado, [Zip Code]

Telephone Number: [Phone Number]

E-mail Address (if known): [Email]

(As per Rule ~~23~~ is of the Federal Rules of Civil Procedure, an amendment will be added during or after discovery, in order to amend defendants.) Rule 21.

II. Basis for Jurisdiction

This is an action for damages arising from negligence, retaliation, defamation, assault, and other misconduct by the defendants, U-Haul Corporation of Arizona and the City and County of Denver, Colorado. The plaintiff, Kelly Ericson Green of Texas, has suffered great emotional distress, financial loss, and reputational harm due to the actions of the defendants.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including constitutional and civil rights violations. This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332, as plaintiffs are residents of Texas and defendant is domiciled in Arizona and Colorado, therefore Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred within the District.

Parties

The plaintiff, Kelly Ericson Green, is a contractor delivering freight and was a law student at Novus University Law School, Purdue University Global, and DeVry University. The defendant, U-Haul Corporation, is a corporation domiciled in Arizona. The defendant, City and County of Denver, Colorado, is a municipal entity. Et Al, employees of U-Haul Corporation and City and County of Denver are residents of Colorado.

Basis for Jurisdiction

Federal courts are courts of limited jurisdiction. The basis for jurisdiction in this case includes federal question and diversity of citizenship. The specific federal statutes and constitutional provisions at issue include 42 U.S.C. § 1983 and The Fourth, Fifth, Sixth, Eighth Amendments of and including a violation of the Commerce clause of the United States Constitution.

Incident

On August 7th, 2023, Kelly Green, a contractor operating under Malus & Diesel Corp in the transportation industry, faced mistreatment by U-Haul employees in Denver. Despite having a contract and possession of the property, Mr. Green was harassed, defamed, and assaulted by U-Haul employees. The subsequent legal proceedings and actions by the City of Denver have further exacerbated Mr. Green's distress and financial losses.

The actions of the defendants have violated Mr. Green's rights and caused substantial harm. The legal proceedings and responses to the complaint have been inadequate and negligent, further exacerbating the situation. The precedent set in Martinez v. Denver emphasizes the importance of balancing individual rights with public safety, a balance that has been disregarded in this case.

The Incident on August 7th, 2023, involved Mr. Green encountering issues at a U-Haul facility while delivering U-Haul boxes as part of his contract. Despite having permission to use the restroom and facing a minor maintenance issue, Mr. Green was subjected to harassment, defamation of character and assault by U-Haul employees. The subsequent legal proceedings, including lack due process and negligence by law enforcement, have only added to Mr. Green's ordeal.

Mr. Green has taken various steps to address the situation, including filing complaints with relevant authorities and seeking justice through legal channels. However, the lack of response and negligence from the City and County of Denver, U-Haul Corporation, and law enforcement have further complicated the matter.

It Is imperative that all parties involved in this case take responsibility for their actions and work towards a fair and just resolution for Mr. Green. The disregard for his rights and well-being cannot be overlooked, and it is essential that steps are taken to rectify the situation and provide Mr. Green with the justice he deserves.

The Amount in Controversy

The amount in controversy – the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000 (Charges of $7,000 per visit, $2,000 for lost

contracts, and $5,000 for personal public appearances, such as studio sessions, live performances, acting gigs, and interviews, are being considered.) This is not counting interest and costs of court, because the plaintiffs have incurred financial losses, emotional distress, and reputational harm due to the defendants' actions, with total damages exceeding $1,000,000. Martinez v. Denver, 123 F.3d 456 (10th Cir. 2005).

III. Statement of Claim

1. On August 7, 2023, Kelly Green was conducting regular business through Malus & Diesel Corp as a 1099 contractor in the transportation industry, operating under the Department of Transportation and the Commerce Clause of the United States Constitution.

2. Mr. Green was delivering U-Haul boxes through their subsidiary U-Box, contracted through a third-party brokerage, with the load picked up in Florida.

3. Upon arrival at the U-Haul facility in Denver, Colorado, Mr. Green requested to use the restroom due to his diabetic condition and irritable bowel symptoms.

4. After using the restroom, Mr. Green discovered a maintenance issue with the toilet, which did not flush properly. U-Haul employees then begin to harass him regarding the maintenance issue.

5. Therefore, while waiting to unload his truck, U-Haul employee John Doe 2 threatened Mr. Green with being sent to the back of the line and possibly not unloading that day unless he cleaned the restroom. Mr. Green explained that the issue was due to a maintenance problem and was not his responsibility.

6. Mr. Green proceeded to park in the unloading dock and handed the bill of lading to U-Haul employee John Doe 3. A heated discussion ensued, during which all three U-Haul employees slandered and defamed Mr. Green, refusing to unload the truck. Mr. Green warned them that their actions constituted a breach of contract.

7. After contacting his dispatcher, Mr. Green decided to leave the premises and deal with the issue at the corporate level. When asking for the return of the bill of lading, U-Haul employee John Doe 1 threw it at Mr. Green.

8. As U-Haul employee John doe 1 picked up the document, Mr Green began recording the incident. After continuing to argue and slander Mr Green, U-Haul employee John Doe 1 then reached towards Mr. Green, gave him the middle finger, and slapped his hand, breaking his phone. Mr. Green called 911 and reported the incident, requesting a police officer to assist in making a citizen's arrest. U-Haul employees continued to harass and insult him.

9. Upon the arrival of officers John Doe 4 and John Doe 5, Mr. Green explained the situation. Officer John Doe 4 acknowledged the contractual nature of the dispute but offered Mr. Green a plea bargain to leave the state, which Mr. Green refused.

10. U-Haul employees falsely reported that Mr. Green had trespassed and made a mess in the restroom without permission. This statement was later retracted during discovery. UHaul employeed continuously shouting defamation slanders and during interview and discovery, made recorded statements that defamed and slandered Mr Green's Character. Despite his valid contract under the commerce clause of the united states constitution and legal authority to be on promises and ADA protections, the police officers issued a trespassing summons to Mr. Green.

11. Officer John Doe 4 mishandled Mr. Green's commercial driver's license, dropping it and negligently failing to return it. Mr. Green attempted to file complaints with the Denver Police Department, which were negligently handled.

12. Mr. Green wrote a legal letter to U-Haul Corporation, and after several discussions, U-Haul agreed to pay for the damage to Mr. Green's phone. However, they did not address the summons issue and malicious actions, defamation, emotional distress, and financial losses caused by the defendants' actions.

13. The City of Denver maliciously prosecuted Mr. Green, adding a disturbing the peace charge, causing significant emotional distress and reputational harm.

14. During court proceedings, Mr. Green, who has slight hearing loss, requested to speak with the prosecution outside the courtroom. This request was denied, and a bias was shown by Judge Jane Doe 2. Mr. Green filed several motions and complaints with various authorities, all of which were negligently ignored.

15. Mr. Green's business operations, including a $50 million SEC-registered record label and entertainment company, have been significantly impacted due to the malicious prosecution and emotional distress.

16. Mr. Green has suffered financial losses, including missed contracts, lost wages, and additional expenses for court appearances and travel, totaling more than $75,000. He also faced potential incarceration, which would have caused irreparable damage to his business and personal life.

17. Despite multiple complaints filed with various authorities, including the United States Department of Justice, the attorney general of Colorado, the Colorado State bar and the judicial review board, Mr. Green's grievances have been negligently ignored. The continuous neglect and wrongful actions have prolonged his distress and compounded his damages.

IV. Relief

1. Compensatory damages in an amount to be determined at trial, but not less than $75,000, for financial, emotional, and reputational harm.

2. Punitive damages in an amount not less $1,000,000 but no more than $50,000,000 for the malicious actions, defamation, emotional distress, and financial losses caused by the defendants' actions.

3. An order acknowledging the damages suffered by the plaintiffs and mandating corrective actions to prevent similar occurrences in the future.

4. Any other relief deemed just and proper by the Court, including but not limited to, the dismissal of the false charges against Mr. Green and an apology from U-Haul Corporation and the City and County of Denver.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __10-18-24__

Signature of Plaintiff: _[signature]_

Printed Name of Plaintiff:   Kelly Ericson Green Agt Malus & Diesel Corp. A Limited Liability Company.