IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02893-PAB-NRN

KELLY GREEN, and
MALUS & DIESEL CORP., a limited liability company of Texas,

    Plaintiffs,

v.

U-HAUL INTERNATIONAL INCORPORATED, and
CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the Recommendation Regarding Administrative Closure [Docket No. 27] and Defendant Denver's Motion to Stay Pending Determination of Competency [Docket No. 14]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Plaintiff Kelly Green[1] alleges various claims under both federal and state law against defendants U-Haul International, Inc. ("U-Haul") and the City and County of

---

[1] The complaint names two plaintiffs: Kelly Green and Malus & Diesel Corp. Docket No. 12 at 1. It appears that Malus & Diesel Corp. is a limited liability company and may be controlled solely by Mr. Green. *See id.* at 2, 12 (listing the same address for both plaintiffs, listing Mr. Green as the agent for Malus & Diesel Corp.). A corporate entity may not appear pro se. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). No attorney has purported to enter an appearance for Malus & Diesel. The Court will not address this issue further in this order, but considers Mr. Green as the only plaintiff before the Court.

Denver, Colorado ("Denver").  *See* Docket No. 12.[2]  The details of Mr. Green's allegations are not relevant to this order.

On January 29, 2025, Denver filed a motion to stay the proceedings pending a determination of Mr. Green's competency.  Docket No. 14.  Denver notes that, in a criminal case filed in Denver County Court arising out of the same events as this case, a county court judge found Mr. Green incompetent to stand trial.  *Id.* at 2.  Denver provided a copy of the docket from the case, which shows that the county court judge adjudicated Mr. Green incompetent and dismissed the charges against him on October 31, 2024.  Docket No. 14-1 at 1.  Denver argues that Federal Rule of Civil Procedure 17(c)(2) obligates the court to appoint a guardian ad litem or issue another appropriate order to protect an unrepresented incompetent person and that the evidence of the court's adjudication initiates those obligations.  Docket No. 14 at 3-5.  Denver's certificate of conferral states that "Plaintiff indicated he would like the opportunity to present his position on competency to the Court.  However, Plaintiff did not object to the request for a stay pending a competency determination."  *Id.* at 1.

Mr. Green did not file a response to the motion to stay.  Mr. Green also did not appear at a status conference before the assigned magistrate judge on February 19, 2025.  Docket No. 20 at 1.  The magistrate judge scheduled a show cause hearing for

---

[2] Mr. Green filed his original complaint on October 18, 2024.  Docket No. 1.  On December 10, 2024, the magistrate judge granted Mr. Green's motion to amend the complaint.  Docket No. 9 at 1.  On December 10, 2024, Mr. Green filed an amended complaint.  Docket No. 10.  On December 19, 2024, Mr. Green filed another amended complaint.  Docket No. 12.  Docket No. 10 and Docket No. 12 appear to be the same document, with the only difference being that the case number is handwritten on the first page of Docket No. 12.  U-Haul's motion to dismiss, Docket No. 16, treats Docket No. 12 as the operative complaint, and the Court will do the same for the purposes of this order.

March 25, 2025, at which time Mr. Green was to explain why the case should not be dismissed due to his failure to appear at the status conference. Docket No. 21 at 1-3. Mail sent by the Clerk of the Court to Mr. Green regarding the minutes of the February 19 status conference and the order to show cause was returned as undeliverable. Docket Nos. 22, 23, 24, 25. Mr. Green did not appear at the show cause hearing. Docket No. 26 at 1. At that hearing, defense counsel raised the issue of Mr. Green's competency, and the magistrate judge stated that he intended to recommend that the case be administratively closed. *Id.*

On March 25, 2025, the magistrate judge issued a recommendation that the case be administratively closed. Docket No. 27. The magistrate judge found that, because Mr. Green had been adjudicated incompetent by a court, Rule 17(c) required the court to inquire into his competency. *Id.* at 2. However, the magistrate judge noted that "there is no evidence in the record regarding Plaintiff's current competency or lack thereof except for a register of action from October 2024," and that the court, in the absence of any participation in the case from Mr. Green, would be unable to make a competency determination or to consider the appropriateness of a guardian ad litem appointment. *Id.* at 2-3. The magistrate judge therefore recommended that the case be administratively closed until Mr. Green's competency can be established. *Id.* at 3.

No party objected to the recommendation. But on April 1, 2025, the Court received a filing from Mr. Green. Docket No. 28. The document does not bear a date, but the envelope is postmarked March 29, 2025. *Id.* at 3. The document explains that Mr. Green was, at the time of the filing, located at a medical facility in Nevada and was

3

recovering from a stroke. *Id.* at 1-2.[3] The filing notifies the Court of a change of address and requests that the Court appoint an attorney to represent Mr. Green. *Id.*[4]

## II. ANALYSIS

Federal Rule of Civil Procedure 17(c) states, in relevant part, that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Under Rule 17(c), a district court must consider whether "to protect" an incompetent person when there is "verifiable evidence of incompetence" by appointing a representative for him or her. *Tunson-Harrington v. Adams Cnty. Sheriff*, 2023 WL 5927132, at *2 n.6 (10th Cir. Sept. 12, 2023) (unpublished) (citing *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 149 (3d Cir. 2021)). "Verifiable evidence" includes "evidence from an appropriate court of record . . . indicating that the party had been adjudicated incompetent." *Mondelli*, 1 F.4th at 149 (citation omitted); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Denver has submitted a copy of the docket from a state criminal case involving Mr. Green. Docket No. 14-1. The docket shows that, on October 31, 2024, the court determined that a competency evaluation showed Mr. Green was incompetent to

---

[3] The first page of the filing is typed and the second page is handwritten. Docket No. 28 at 1-2. Both pages are unsigned and refer to Mr. Green in the third-person. *Id.* The Court has compared the handwritten page to other handwritten materials that Mr. Green has filed, *see, e.g.*, Docket No. 13 at 1, and believes that the handwriting in Docket No. 28 is not Mr. Green's. While it therefore seems that Mr. Green did not prepare the filing himself, the Court will assume that Mr. Green authorized Docket No. 28 given that Mr. Green is apparently recovering from a stroke and may not have been able to draft the filing.

[4] Given that Mr. Green's notice of address change appears to have been sent on March 29, 2025, it seems unlikely that Mr. Green received a copy of the recommendation that the magistrate judge issued on March 25, 2025.

4

proceed in the case. *Id.* at 1. On motion of the prosecution, the court then dismissed the case. *Id.* The Court finds that the docket constitutes verifiable evidence from an appropriate court of record indicating that Mr. Green has, in the past, been adjudicated incompetent. The Court therefore finds that it has a duty under Rule 17(c)(2) to inquire into Mr. Green's competency. As defendant U-Haul has filed a motion to dismiss Mr. Green's complaint for failure to state a claim, Docket No. 16, Mr. Green's interests in this case are at risk and thus may need to be protected. As the magistrate judge noted, however, there is no evidence in the record regarding plaintiff's current competency status. Docket No. 27 at 2.

The Court will order Mr. Green to file a copy of the competency evaluation submitted to the court in Mr. Green's state criminal case. Mr. Green may file the report under restriction pursuant to Local Rule 7.2, but he must comply with the requirements of that rule. *See* D.C.COLO.LCivR 7.2. The Court will give Mr. Green additional time to comply in light of his apparent hospitalization. However, Mr. Green should understand that, if he does not comply with the Court's order, the case could be dismissed for failure to comply with a court order.

The Court will deny Denver's motion requesting a stay of the proceedings, which would not provide a timetable for resolution of these proceedings. The Court will also, for the same reason, reject the magistrate judge's recommendation that the case be administratively closed.

### III. CONCLUSION

It is therefore

**ORDERED** that the Recommendation Regarding Administrative Closure [Docket No. 27] is **REJECTED**. It is further

5

**ORDERED** that Defendant Denver's Motion to Stay Pending Determination of Competency [Docket No. 14] is **DENIED**. It is further

**ORDERED** that, on or before **June 16, 2025**, plaintiff Kelly Green shall submit a copy of the competency evaluation submitted in Mr. Green's Denver County criminal case.

DATED May 2, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge