IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02893-PAB-NRN

KELLY GREEN, and
MALUS & DIESEL CORP., a limited liability company of Texas,

    Plaintiffs,

v.

U-HAUL INTERNATIONAL INCORPORATED, and
CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

## ORDER

This matter comes before the Court on Defendant U-Haul International's Motion to Dismiss [Docket No. 16] and Defendant Denver's Motion to Dismiss [Docket No. 31]. The motion filed by defendant U-Haul International, Inc. ("U-Haul") seeks to dismiss the claims alleged against U-Haul in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 16 at 1. The motion filed by Denver City and County of Denver, Colorado ("Denver") seeks to dismiss the claims alleged against Denver in the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 31 at 1. Mr. Green has not responded to either motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff Kelly Green[1] alleges various claims under both federal and state law against defendants U-Haul and Denver. See Docket No. 12.[2] On January 29, 2025, Denver filed a motion to stay the proceedings pending a determination of Mr. Green's competency. Docket No. 14. The details of Denver's motion and of Mr. Green's participation in the case, or lack thereof, are discussed in the Court's order issued on May 2, 2025. Docket No. 30 at 2-5. On February 13, 2025, U-Haul filed its motion to dismiss. Docket No. 16.

On March 25, 2025, the magistrate judge issued a recommendation that the case be administratively closed. Docket No. 27. The magistrate judge found that, because Mr. Green had been adjudicated incompetent as part of a criminal case filed in Denver County Court arising out of the same events as this case, Federal Rule of Civil Procedure Rule 17(c) required the court to inquire into his competency. Id. at 2. However, the magistrate judge noted that "there is no evidence in the record regarding Plaintiff's current competency or lack thereof except for a register of action from October

---

[1] The complaint identifies two plaintiffs: Kelly Green and Malus & Diesel Corp. Docket No. 12 at 1. It appears that Malus & Diesel Corp. is a limited liability company and may be controlled solely by Mr. Green. See id. at 2, 12 (listing the same address for both plaintiffs, listing Mr. Green as the agent for Malus & Diesel Corp.). The complaint bears a signature of "plaintiff," presumably Mr. Green. See id. at 12. No attorney has entered an appearance for Malus & Diesel. A corporate entity may not appear pro se. See Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001). As a result, the Court considers Mr. Green as the only plaintiff before the Court.

[2] Mr. Green filed his original complaint on October 18, 2024. Docket No. 1. On December 10, 2024, the magistrate judge granted Mr. Green's motion to amend the complaint. Docket No. 9 at 1. On December 10, 2024, Mr. Green filed an amended complaint. Docket No. 10. On December 19, 2024, Mr. Green filed another amended complaint. Docket No. 12. Docket No. 10 and Docket No. 12 appear to be the same document, with the only difference being that the case number is handwritten on the first page of Docket No. 12. U-Haul's motion to dismiss, Docket No. 16, treats Docket No. 12 as the operative complaint, and the Court will do the same for the purposes of this order.

2

2024," and that the court, in the absence of any participation in the case from Mr. Green, would be unable to make a competency determination. *Id.* at 2-3. The magistrate judge therefore recommended that the case be administratively closed until Mr. Green's competency can be established. *Id.* at 3. No party objected to the recommendation.

On April 1, 2025, the Court received a filing from Mr. Green. Docket No. 28. The document did not bear a date, but the envelope was postmarked March 29, 2025. *Id.* at 3. The document explains that Mr. Green was, at the time of the filing, located at a medical facility in Nevada and was recovering from a stroke. *Id.* at 1-2. The filing notified the Court of a change of address and requested that the Court appoint an attorney to represent Mr. Green. *Id.*

The Court rejected the magistrate judge's recommendation that the case be administratively closed and rejected Denver's motion to stay. Docket No. 30 at 5-6. The Court ordered Mr. Green to provide a copy of the competency evaluation submitted in his Denver County case on or before June 16, 2025. Mr. Green did not submit a copy of the evaluation by the deadline. On June 18, 2025, Denver filed its motion to dismiss, Docket No. 31, stating that:

> As of the date of this filing, Plaintiff has not submitted a copy of the competency evaluation. Denver notes that Plaintiff's competency remains in question and may preclude a ruling on the merits of this Motion. However, given the procedural uncertainty of this matter and absence of a stay, Denver submits this Motion to Dismiss to ensure that it is not deemed untimely filed.

*Id.* at 2.

On July 17, 2025, the Court extended, *sua sponte*, Mr. Green's deadline to submit the competency evaluation. Docket No. 36 at 2. The Court ordered Mr. Green

3

to file a copy of the evaluation on or before July 31, 2025 and warned Mr. Green that his case could be dismissed without prejudice if he refused to comply with Court efforts to inquire into his competency.  *Id.*  Mr. Green again failed to comply with the Court's deadline.  But on August 11, 2025, Mr. Green filed a document entitled "Notice to the Court Regarding Pending Request for Records."  Docket No. 44 at 1.  The notice states that Mr. Green "filed a motion with the Colorado City Attorney's Office, Denver, Colorado, requesting the production of certain documents related to the underlying Federal proceedings.  Specifically, the requested materials include: . . . [t]he complete mental health evaluation conducted in connection with the case."  *Id.*  Mr. Green states that he is awaiting a response and that he will "promptly provide the Court with any responsive documents upon receipt."  *Id.* at 2.

If the Court determines that Mr. Green is incompetent, the Court "cannot dispose of any of his claims on the merits."  See *Eberhardt v. City of Greeley, Co*, No. 22-cv-03032-WJM-SBP, 2024 WL 3416626, at *4 (D. Colo. May 28, 2024), *report and recommendation adopted as modified*, 2024 WL 4227653 (D. Colo. Sept. 18, 2024) (quoting *Wodiuk v. Graziano*, No. 14-cv-02931-WJM-CBS, 2017 WL 2438993, at *14 (D. Colo. June 6, 2017)).  Given that Mr. Green represents that he is in the process of requesting a copy of his competency evaluation, which may assist the Court in determining the competency issue, the Court will deny without prejudice the defendants' motions to dismiss.  See *Eberhardt*, 2024 WL 3416626, at *6.  Should the Court issue an order finding that Mr. Green is competent, the Court will grant defendants leave to refile their motions to dismiss.

4

Mr. Green should not interpret this order as providing him with an indefinite extension of time to obtain and submit to the Court a copy of his competency evaluation. Should Mr. Green fail to submit the competency evaluation in a timely manner, and thus fail to assist the Court's efforts to inquire into his competency, the Court may dismiss the case without prejudice. *See Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). The Court will order Mr. Green to file a status report on or before September 3, 2025 informing the Court of the status of his efforts to obtain a copy of the competency evaluation.

It is therefore

**ORDERED** that defendant U-Haul International's Motion to Dismiss [Docket No. 16] is **DENIED without prejudice**. It is further

**ORDERED** that Defendant Denver's Motion to Dismiss [Docket No. 31] is **DENIED without prejudice**. It is further

**ORDERED** that, on or before **September 3, 2025**, Mr. Green shall file a status report informing the Court of the progress of his efforts to obtain a copy of the competency evaluation from his Denver County case.

DATED August 13, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge