IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02893-PAB-NRN

KELLY GREEN, and
MALUS & DIESEL CORP., a limited liability company of Texas,

    Plaintiffs,

v.

U-HAUL INTERNATIONAL INCORPORATED, and
CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

---

# ORDER

---

This matter comes before the Court on plaintiff Kelly Green's Motion Requesting Issuance of Subpoena for Court Records [Docket No. 48], Plaintiff's Memorandum/Notice to the Court [Docket No. 60], and Plaintiff's Memorandum/Notice to the Court [Docket No. 61]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The background of this case is set forth in the Court's August 13, 2025 order. *See* Docket No. 47. In that order, the Court noted that it had previously set several deadlines for Mr. Green to submit a copy of his competency evaluation that was performed as part of a state criminal case in which Mr. Green was the defendant. *Id.* at 3-4. The Court directed Mr. Green to file a status report on or before September 3, 2025 informing the Court of his efforts to obtain a copy of the competency evaluation. *Id.* at 5.

On August 15, 2025, Mr. Green filed a motion requesting issuance of a subpoena to the City and County of Denver and the Denver City Attorney's Office. Docket No. 48 at 1. The motion indicates that Mr. Green filed a records request with the Denver City Attorney's Office requesting records from Mr. Green's case in Denver County Court. *Id.* at 1. The City Attorney's Office responded, telling Mr. Green that it did not have access to the requested files. *Id.* at 2. The City Attorney's Office suggested that Mr. Green either request the files from Denver County Court, providing a website link through which he could do so, or request the files from the defense attorney who represented Mr. Green in the case. *Id.*

On September 9, 2025, Mr. Green filed two documents with the Court, both titled "Plaintiff's Memorandum/Notice to the Court." *See* Docket Nos. 60, 61. The first filing includes what appears to be a message from the Office of the Municipal Public Defender for Denver explaining that Mr. Green needs to reach out to the Denver County Court to obtain a copy of the competency evaluation. *See* Docket No. 60 at 1-2. In the first filing, Mr. Green states that, "[w]e are also going to need a subpoena for the mental health evaluation because both the Denver City attorney's office at a municipal public defender or negligent and forwarding these documents as requested." *Id.* at 1. The second filing includes what appears to be a document filed on September 23, 2024 in the underlying case in Denver County Court. *See* Docket No. 61-1 at 1-2. The purpose of the second filing is not clear.

The Court understands Mr. Green to ask the Court to issue subpoenas to the City Attorney's Office and to the Office of the Municipal Public Defender for the competency evaluation. *See* Docket No. 48 at 1 (requesting a subpoena for the City

Attorney's Office); Docket No. 60 at 1 (requesting a subpoena for the Office of the Municipal Public Defender).  The Court will not issue the requested subpoenas.  "A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction."  *Dozier v. Burns*, No. 20-cv-00504-KLM, 2021 WL 12325156, at *1 (D. Colo. Mar. 1, 2021) (citing Fed. R. Civ. P. 45(a)(2), (3).  "[A] pro se litigant who is not a licensed attorney may not issue subpoenas on his own."  *Id.* (citing *United States v. Meredith*, 182 F.3d 934, 1999 WL 381128, at *1 (10th Cir. 1999) (unpublished table decision)).  A party seeking issuance of a subpoena by the court must show a "clear, non-discretionary right to the issuance of subpoenas."  *Id.* (citations omitted).  According to the materials submitted by Mr. Green, the Denver City Attorney's Office and the Office of the Municipal Public Defender have both told Mr. Green that they do not have copies of the competency evaluation that he is seeking.  *See* Docket No. 48 at 2; Docket No. 60 at 1-2.  As such, the Court finds it would not be appropriate to issue subpoenas to these entities for a document they apparently do not possess.  Moreover, both entities have directed Mr. Green to contact Denver County Court in order to obtain a copy of the competency evaluation.  *See* Docket No. 48 at 2; Docket No. 60 at 1.  Mr. Green has not indicated that he has tried to contact the Denver County Court.

The Court will allow Mr. Green 30 days to submit a copy of the competency evaluation.  The Court will only extend this deadline if Mr. Green submits proof that he has made a request to the Denver County Court for a copy of the competency evaluation and that, as of the deadline, the request is still pending.  If Mr. Green does

3

not comply with this deadline, the Court will dismiss the case without prejudice. *See* Docket No. 47 at 5 (citing *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989)).

Finally, the Court notes that, in several filings, Mr. Green has referred to himself as an "agency of Malus and Diesel Corp." *See, e.g.*, Docket Nos. 46, 48, 60, 61. Mr. Green has also submitted a notice of address change on behalf of Malus & Diesel Corp. *See* Docket No. 46 at 1. Mr. Green is reminded of the Court's prior orders, *see* Docket No. 30 at 1 n.1; Docket No. 47 at 2 n.1, explaining that corporate entities, including limited liability companies such as Malus & Diesel Corp., cannot appear pro se before this Court.

It is therefore

**ORDERED** that plaintiff's Motion Requesting Issuance of Subpoena for Court Records [Docket No. 48] is **DENIED**. It is further

**ORDERED** that Plaintiff's Memorandum/Notice to the Court [Docket No. 60], insofar as it requests any action by the Court, is **DENIED**. It is further

**ORDERED** that Plaintiff's Memorandum/Notice to the Court [Docket No. 61], insofar as it requests any action by the Court, is **DENIED**. It is further

4

**ORDERED** that Kelly Green shall, on or before **November 28, 2025**, submit to the Court either a copy of the competency evaluation from his case in Denver County Court or proof that he has requested the competency evaluation from the Denver County Court and that the request is still pending.

DATED October 29, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge